**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5255**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

    versus

DUANE EAVES,

                    Defendant - Appellant.

---

**No. 05-5256**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

    versus

DUANE EAVES,

                    Defendant - Appellant.

---

**No. 05-5257**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

    versus

DUANE EAVES,

                                        Defendant - Appellant.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-05-76; CR-05-164; CR-05-165)

---

Submitted: May 18, 2006                    Decided: May 26, 2006

---

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Duane Eaves appeals his convictions on a guilty plea and sentence on three separate counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000).* The district court sentenced Eaves to 165 months' imprisonment and a three year term of supervised release, and ordered payment of a statutory special assessment of $300 and restitution of $4193. Eaves' sole issue on appeal is whether the sentence imposed by the district court was reasonable. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. We will

---

*Eaves pled guilty to a single-count indictment returned by a federal grand jury sitting in West Virginia charging him with bank robbery (Appeal No. 05-5255), and also pled guilty to two informations charging bank robbery in the Middle District of Pennsylvania (Appeal No. 05-5256), and the Western District of Virginia (Appeal No. 05-5257).

affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. <u>Id</u>. at 546-47. We have further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>petition for cert. filed</u>, No. 05-10474 (U.S. Apr. 17, 2006).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Eaves only after considering the factors set forth in § 3553(a). Based on these factors, and because the court sentenced Eaves within the applicable guideline range and below the statutory maximum, we find that Eaves' sentence of 165 months' imprisonment is reasonable.

We therefore affirm Eaves' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -